# IN THE COURT OF APPEALS OF IOWA

No. 15-0509
Filed December 21, 2016

**HEATHER HILDRETH,**
        Petitioner-Appellant,

**vs.**

**CITY OF DES MOINES,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


        Heather Hildreth appeals from the dismissal of an action for return of seized property.  **AFFIRMED.**


        Jaysen C. McCleary for Bela Animal Legal Defense and Rescue, Des Moines, for appellant.

        Katharine Ramsay Massier, Assistant City Attorney, Des Moines, for appellee.


        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**PER CURIAM.**

Heather Hildreth appeals from the dismissal of an action, "Polk County No. SPCE077325," which was an "Application for Immediate Return of Seized Property" filed on October 28, 2014. Hildreth sought the return of her live dog, which was impounded at the Animal Rescue League upon a finding the dog was a "dangerous dog" by the City of Des Moines.[1] The application noted Hildreth had also filed a writ of certiorari that same date, challenging the municipality's action.

On February 23, 2015, Hildreth filed a "request for emergency stay" by which she sought "an emergency order clarifying that her dog is property under chapter 809 that is deemed in custody of this court under 809A.7 subsection 4[2] . . . until this matter is ultimately settled and thereby enters a stay of execution of the dog." On February 27, 2015, the court dismissed the action as moot, because the dog had been euthanized after the writ of certiorari was annulled.[3]

Hildreth appeals.

---

[1] The dog had been found to be a "dangerous animal" pursuant to Des Moines Municipal Ordinance section 18-196, which finding had been upheld on appeal to a municipal hearing officer.

[2] Section 809A.7(4) (2013) provides:

Property seized for forfeiture under this chapter is deemed to be in the custody of the district court subject only to the orders and decrees of the court having jurisdiction over the forfeiture proceedings and to the acts of the seizing agency or the prosecuting attorney pursuant to this chapter.

We observe that "this chapter" in section 809A.7(4) refers to chapter 809A; property subject to forfeiture under chapter 809A is defined in 809A.4, which deals with controlled substances and property used or connected to controlled substances.

[3] Hildreth had filed a petition for writ of certiorari (matter numbered CVCV048734), claiming the city had acted illegally and unconstitutionally by declaring the dog a vicious and dangerous dog. On February 20, 2015, the court (Judge Stovall) rejected Hildreth's claims, annulled the writ, and rescinded the previous stay of the order to euthanize. The merits of the certiorari proceeding are presented to this court in another appeal, *Hildreth v. City of Des Moines*, No. 15-0961, and for which an opinion is filed this date.

Mootness "refers to cases which no longer present a justiciable controversy because the issues involved have become academic or nonexistent." *Junkins v. Branstad*, 421 N.W.2d 130, 133 (Iowa 1988). "The test is whether a judgment, if rendered, would have any practical legal effect upon the existing controversy." *Id.*

The district court did not err in concluding Hildreth's application for return of property was no longer justiciable because the dog was euthanized. We therefore affirm. *See Elview Constr. Co. v. N. Scott Cmty. Sch. Dist.*, 373 N.W.2d 138, 142 (Iowa 1985).

**AFFIRMED.**